UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOISES DAVID BONILLA MEJIA,<br><br>       Plaintiff,<br>v.<br><br>CAMMILLA WAMSLEY, et al,<br><br>       Defendants. | CASE NO. 2:25-cv-02196<br><br>ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER |

  Petitioner Moises David Bonilla Mejia filed a petition for writ of habeas corpus seeking release from confinement. Dkt. No. 1. Mr. Bonilla also moves for a temporary restraining order ("TRO") preventing his transfer or removal from the United States or this District while these proceedings are pending. Dkt. No. 2; *see also* Dkt. No. 2-2 at 1–2.

  The motion for a TRO asserts that Mr. Bonilla and his family entered the United States on or about March 29, 2024, and were apprehended by U.S. Customs and Border Patrol ("CBP"). Dkt. No. 2 at 2. They were "released from ICE custody with a Notice to Appear in the Seattle Immigration Court on June 11, 2024" and "enrolled in the Intensive Supervision Appearance

Program (ISAP)." *Id.* The family submitted I-589 applications for asylum and related relief on October 3, 2024. *Id.*

On June 16, 2025, the family apparently arrived "12 minutes late to the courtroom" for their scheduled "individual, merits hearing on their applications for asylum, withholding of removal, and relief under the Convention Against Torture, at the Seattle Immigration Court." *Id.* The door to the court was purportedly closed and the Immigration Judge "started the in absentia hearing 16 minutes after the scheduled time and ordered the family removed." *Id.* at 2–3. The family "timely filed a motion to rescind and reopen, citing the exceptional circumstances that caused their tardiness and arguing that their brief tardiness should not be considered a failure to appear." *Id.* at 3. The Immigration Judge denied the motion, and the family filed a timely appeal that remains pending. *Id.*

On November 3, 2025, Bonilla "presented himself at the ISAP office at 14220 Interurban Ave S, Tukwila, WA 98168 and was taken into ICE custody." *Id.* "After being taken into custody, Mr. Bonilla and his family filed a motion to stay removal that was received at the [Board of Immigration Appeals ("BIA")] on November 3, 2025." *Id.* No decision has yet been made by the BIA, "though counsel has informed the Board of the imminent risk of removal." *Id.*

"On November 4, 2025, Mr. Bonilla's immigration counsel learned from ICE that Mr. Bonilla was detained at the NWIPC. In response to counsel's inquiry about whether Mr. Bonilla's removal was imminent, a deportation officer responded that there are three flights that leave regularly every week from the NWIPC, and that any legal work needed to be done as soon as possible." *Id.*; *see also* Dkt. No. 2-1 at 99–101. Counsel believes that Mr. Bonilla "remains detained at the NWIPC in Tacoma, Washington." Dkt. No. 2 at 3.

ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER - 2

Mr. Bonilla has not yet served the petition on Respondents, and the petition and motion for TRO were filed shortly after 5:00 p.m. on Tuesday, November 4, 2025. Respondents have not entered an appearance nor responded to Mr. Bonilla's motion.

The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter.").

Accordingly, the Court orders as follows:

1. Mr. Bonilla's motion for temporary restraining order, Dkt. No. 2, is provisionally GRANTED pending Respondents' response to the motion. This grant is solely for the purpose of maintaining the status quo so that the Court may review the merits of the motion after full briefing.

2. Respondents ARE PROHIBITED from removing Mr. Bonilla from the United States or this jurisdiction—i.e., the Western District of Washington—without further order.

3. Mr. Bonilla's counsel SHALL immediately serve process and a copy of this Order on Respondents. Mr. Bonilla's counsel SHALL immediately contact Respondents' counsel to provide a copy of this Order and to meet and confer on (1) a briefing schedule for the motion for TRO and (2) whether the Government will agree to a stipulated order to not remove Mr. Bonilla from the United States and to not transfer Mr. Bonilla to another facility during the pendency of this action.

4. If the Parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case. If the Parties cannot reach agreement on a

briefing schedule, then Respondents SHALL respond to the motion for TRO pursuant to the schedule set by Local Civil Rule 65 once notice is accomplished.

5. The Parties SHALL contact the courtroom deputy of the assigned judge if they wish to schedule oral argument on the motion for TRO.

Dated this 4th day of November, 2025.

*Lauren King*
Lauren King
United States District Judge