UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MOISES DAVID BONILLA MEJIA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>LAURA HERMOSILLO, et al.,<br><br>　　　　　Respondent. | Case No. 2:25-cv-02196<br><br>ORDER TO SHOW CAUSE |

　　　　On November 4, 2025, Petitioner filed a 28 U.S.C. § 2241 petition for writ of habeas corpus. Dkt. 1. The Court issues an order to show cause and expedited briefing schedule for the reasons that follow.

1. The Court retains discretion to determine when an answer or response to a section 2241 habeas petition is due. *See, e.g.*, Sect. 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."); *Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985) (pursuant to Habeas Rule 4, the federal court has discretion to fix a time to file an answer beyond the time periods set forth in 28 U.S.C. § 2243). Even when following 28 U.S.C. § 2243, the Court may allow up to twenty days for the return with good cause. 28

ORDER TO SHOW CAUSE - 1

U.S.C. § 2243 ("The writ, or order to show cause . . . shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.").

2. In the exercise of its discretion to fix the response deadline, the Court is mindful that Congress has clearly indicated that habeas petitioners are entitled to a prompt ruling. A court considering a habeas application must "*forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243 (emphasis added); see *Fay v. Noia*, 372 U.S. 391, 400 (1963) (habeas is meant to provide a "swift and imperative remedy"); *In re Habeas Corpus Cases*, 216 F.R.D. at 53 ("Undue delay in the disposition of habeas corpus cases is unacceptable.")

3. Thus, the Court examines the allegations and circumstances of each case in determining the due date of a response.

4. Accordingly, the Court ORDERS:

    a. Respondents shall file their return to the habeas petition no later than November 21, 2025. Any arguments that the petition should be dismissed shall be made in the response and not by separate motion.

    b. Any traverse Petitioner wishes to file shall be due by November 25, 2025. The Clerk shall note the matter for November 25, 2025.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 13th day of November, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER TO SHOW CAUSE - 2