UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MOISES DAVID BONILLA MEJIA, | Case No. 2:25-cv-02196-TMC |
| Petitioner, | ORDER GRANTING MOTION FOR ATTORNEY'S FEES |
| v. | |
| LAURA HERMOSILLO, et al., | |
| Respondents. | |

## I.    INTRODUCTION

Petitioner Moises David Bonilla Mejia obtained habeas relief when this Court held he had been unlawfully detained based on a removal order that was not yet final. Dkt. 19. He now moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. 21. Petitioner seeks attorney's fees at reasonable market rates rather than the statutory rates provided by EAJA, based either on bad faith conduct or EAJA's enhanced fee provision. *See id.* In response, Federal Respondents have stated that, "without admitting that Federal Respondents either acted in bad faith or without substantial justification," they do not oppose the request for fees "in an amount determined to be appropriate by the Court but not to exceed the amount requested by the Petitioner in his motion ($26,555)." Dkt. 22 at 1. For the reasons explained below, the Court awards fees and costs of $26,555.

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 1

## II.    LEGAL STANDARD

"The EAJA provides . . . that in an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (quoting 28 U.S.C. § 2412(d)(1)(A)). "For the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

With respect to the reasonableness of fees and costs, EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). A court may award market rates based on the limited availability of qualified attorneys when the attorneys possess (1) "distinctive knowledge and specialized skill" that was (2) "needful to the litigation in question" and (3) "not available elsewhere at the statutory rate." *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009) (citation modified).

Under Federal Rule of Civil Procedure 54(d)(2)(C), when ruling on a motion for attorney's fees, the Court "must find the facts and state its conclusions of law as provided in Rule 52(a)," meaning "the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1), 54(d)(2)(C). Here, the relevant facts are undisputed considering Federal Respondents' decision not to oppose the award of fees.

### III.    CONCLUSIONS OF LAW

1. Based on the motion and supporting exhibits of Petitioner, and Federal Respondents' lack of opposition, the Court finds that Petitioner has demonstrated an entitlement to an enhanced fee award at market rates under EAJA.

2. The hours incurred by Petitioner's counsel are reasonable. *See* Dkt. 21-3.

3. Without endorsing the use of either the *Laffey* or *Fitzpatrick* matrices relied on by Petitioner's counsel, the hourly rate of $750 per hour for Mr. Strawn is reasonable and consistent with the Court's findings in other cases. *See, e.g.*, *Garcia v. Wamsley*, --- F. Supp. 3d ---, 2026 WL 776151, at *8 (W.D. Wash. Mar. 19, 2026); *see also* Dkts. 21-4, 21-5, 21-6 (supporting declarations).

4. The Court therefore awards Petitioner $26,550.00 in attorney's fees.

5. The Court awards Petitioner $5.00 in costs.

### IV.    CONCLUSION

The motion for attorney's fees (Dkt. 21) is GRANTED. Petitioner is awarded fees and costs under the EAJA in the amount of $26,555.00. The judgment shall be amended to include the award in favor of Petitioner.

Dated this 10th day of April, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTION FOR ATTORNEY'S FEES - 3