UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MOISES DAVID BONILLA MEJIA,

               Petitioner,

    v.

LAURA HERMOSILLO, et al.,

               Respondent.

Case No. 2:25-cv-02196

ORDER GRANTING MOTION TO ENFORCE

## I.    ORDER

On November 26, 2025, this Court granted a writ of habeas corpus ordering that Petitioner Moises David Bonilla Mejia be released from immigration detention. Dkt. 19. The Court also issued an injunction limiting the circumstances under which Petitioner could be re-detained. *Id.* at 10–11. Relevant here, the Court held that Petitioner was not subject to detention under 8 U.S.C. § 1231(a) to execute his removal order because that removal order was not yet final. *Id.* at 5–6. This holding was based on binding Ninth Circuit precedent. *See Cui v. Garland*, 13 F.4th 991 (9th Cir. 2021).

Yet despite that order, on February 27, 2026, officers of U.S. Immigration and Customs Enforcement (ICE) did exactly what the Court had ordered they could not do: they detained Petitioner (and his wife and minor children) to deport them to Honduras, while their removal

ORDER GRANTING MOTION TO ENFORCE - 1

order still was not final. Declarations from Petitioner, his family, and his attorneys establish that they did everything possible to prevent this violation. The day before Petitioner's appointment to check in with ICE, his attorneys provided ICE a copy of the Court's order and a letter explaining its significance. Dkt. 24-2; Dkt. 24-1 ¶ 3. One of his attorneys, Jiyoon Kim, accompanied the family to their appointment. Dkt. 24-1 ¶ 5. When ICE began to take Petitioner and his family into custody for deportation, Ms. Kim again presented the order, but she was told by the deportation officer that "it did not matter" because ICE's internal legal advisors (OPLA) had "cleared the family for deportation." *Id.* ¶¶ 6–8. ICE officers then removed Ms. Kim from the room. *Id.* ¶ 9.

A short time later, Petitioner's habeas counsel Christopher Strawn also arrived and attempted to inform a deportation officer that Petitioner's detention was in violation of a federal court order. *Id.* ¶ 12; Dkt. 24-4. This too was disregarded, and Mr. Strawn was told that "ICE's decision is final." Dkt. 24-4 ¶ 6. Meanwhile, Petitioner, his wife, and their two children—ages 5 and 7—were detained for three hours, told they would be flown to Louisiana that night for deportation to Honduras, forced to be fingerprinted, threatened with family separation if they resisted getting on the plane, and laughed at when they tried to explain that a court order had prohibited Petitioner's re-detention. *See* Dkt. 24-3.

ICE's attempt to illegally remove Petitioner was only prevented because his counsel managed to contact the U.S. Attorney's office for this district, which promptly intervened. *Id.* ¶¶ 10–11, 13. As Petitioner's counsel expresses in his motion to enforce, this Court has no doubt that the U.S. Attorney's office has acted responsibly and in good faith to comply with the Court's orders in this case. But nothing in the record supports extending that presumption of good faith to ICE. To the contrary, all the evidence presented so far to the Court in this matter suggests that ICE and its in-house attorneys were prepared to detain and deport Petitioner without a final

removal order, in violation of Ninth Circuit precedent, and in violation of a federal court injunction prohibiting that specific action.

As Respondents acknowledge, "[a] district court retains jurisdiction to enforce its judgments." *Hook v. State of Ariz., Dep't of Corrs.*, 972 F.2d 1012, 1014 (9th Cir. 1992). Despite Respondents' efforts to ensure the Court that they have taken voluntary remedial measures to prevent a similar violation from recurring, for the reasons explained in Petitioner's reply brief, those efforts are unconvincing. The Court therefore finds it necessary to gather additional information before deciding whether to take additional remedial action to enforce its existing injunction in Petitioner's case. *See, e.g.*, *Kumar v. Soto*, No. 26-cv-00777(MEF)(AME), 2026 WL 457398, at *2 (D. N.J. Feb. 17, 2026).

## II. CONCLUSION

For the reasons explained above, the Court GRANTS the motion to enforce (Dkt. 24) and ORDERS as follows:

1. No later than June 16, 2026, either the ICE Field Office Director or a supervisory ICE officer must file a sworn declaration: (1) describing the procedures in place on February 27, 2026 to ensure that OPLA and deportation officers were aware of and followed federal court orders in individual cases; (2) describing what, if any, actions were initiated by ICE, once counsel showed them copies of this Court's order and alleged that ICE was violating the order; (3) describing whether, and how, that complied with ICE policies and training for deportation officers; (4) describing how federal court orders applicable to individual noncitizens are maintained in ICE's records; and (5) describing what mechanisms are in place to ensure that this Court's orders will be followed in the future.

ORDER GRANTING MOTION TO ENFORCE - 3

2.     No later than June 16, 2026, an ICE officer with personal knowledge of the facts surrounding Petitioner's detention and attempted deportation on February 27, 2026 must submit a sworn declaration: (1) describing how ICE officers came to the conclusion that Mr. Bonilla was subject to detention and deportation; (2) describing what, if any, actions to confirm removability were taken by ICE officers once counsel showed them copies of this Court's order and alleged that ICE was violating the order; and (3) describing what training and instructions they had been given regarding what actions to take when an individual, and/or their attorney, contends that ICE is acting in violation of a court order.

3.     No later than June 16, 2026, a supervisory ICE OPLA attorney, or OPLA Chief Counsel, must submit a sworn declaration: (1) describing how Mr. Bonilla's injunction from this Court was reviewed and disseminated to the Seattle ICE Field Office; (2) describing OPLA's role in the attempted re-detention and deportation of Mr. Bonilla without a final removal order and in violation of this Court's order; and (3) describing what mechanisms ICE OPLA has in place to ensure that this Court's orders are followed.

4.     Following review of the declarations, the Court will determine whether a hearing, supplemental briefing, or further remedial action is necessary.

Dated this 9th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTION TO ENFORCE - 4