UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MOISES DAVID BONILLA MEJIA,<br><br>Petitioner,<br><br>v.<br><br>LAURA HERMOSILLO, et al.,<br><br>Respondent. | Case No. 2:25-cv-02196<br><br>ORDER TO ENFORCE INJUNCTIVE RELIEF |

## I.   ORDER

In November 2025, this Court granted a writ of habeas corpus ordering that Petitioner Moises David Bonilla Mejia be released from immigration detention. Dkt. 19. The Court also issued an injunction limiting the circumstances under which Petitioner could be re-detained. *Id.* at 10–11. Relevant here, the Court held that Petitioner was not subject to detention under 8 U.S.C. § 1231(a) to execute his removal order because that removal order was not yet final. *Id.* at 5–6. This holding was based on binding Ninth Circuit precedent. *See Cui v. Garland*, 13 F.4th 991 (9th Cir. 2021).

In March 2026, after Respondents again unlawfully detained Petitioner and his family and attempted to remove them from the United States before the U.S. Attorney's office intervened, Petitioner filed a motion to enforce, asking the Court to exercise its inherent power to

ORDER TO ENFORCE INJUNCTIVE RELIEF - 1

protect its previous judgment by requiring Respondents to explain the circumstances of his second unlawful detention and potentially take additional action to ensure future compliance with the Court's order. *See* Dkt. 24 at 4–5. The Court granted that motion and required Respondents to provide declarations explaining what had happened and what steps had been taken to prevent future violations. *See* Dkt. 32 at 3–4.

The Court has now reviewed those declarations, which contend that the Immigration and Customs Enforcement (ICE) office of Enforcement and Removal Operations (ERO) had consulted with their internal counsel at the Office of the Principal Legal Advisor (OPLA) before re-detaining Petitioner, and OPLA was aware of this Court's habeas order, but the OPLA attorney "mistakenly interpreted a November 19, 2025 rejection notice from the Board of Immigration Appeals (BIA) as proof that the BIA had rejected Petitioner's appeal and that there were no legal barriers to removal. The rejection notice was not a rejection of Petitioner's appeal but related to a subsequently filed motion to remand." Dkt. 34 ¶ 10; *see also* Dkt. 33. The declarations also explain that on "April 27, 2026, the BIA granted Petitioner's appeal and reopened his removal proceedings. Petitioner is therefore no longer subject to a removal order." Dkt. 33 ¶ 11.

Because Petitioner was nearly removed from the country twice while he did not have a final removal order and his BIA appeal—which proved meritorious—was still pending, the Court finds it necessary to enter further orders to enforce its previous judgment and injunction. *See Hook v. State of Ariz., Dep't of Corrs.*, 972 F.2d 1012, 1014 (9th Cir. 1992). Because the errors in this case appear to have originated within OPLA, the Court ORDERS as follows:

    1.      Before any attempt to detain Petitioner Moises David Bonilla Mejia either during the pendency of his removal proceedings or to execute a removal order, Respondents must consult both with OPLA and with the U.S. Attorney's Office

ORDER TO ENFORCE INJUNCTIVE RELIEF - 2

for the Western District of Washington and provide the consulting AUSA with copies of all documents on which the planned detention is based.

2.    A copy of this Order must also be placed in ERO's and OPLA's case management systems.

Dated this 14th day of July, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER TO ENFORCE INJUNCTIVE RELIEF - 3